## STATE *vs.* FRANK CARVER.

Public Laws R. I. cap. 508, June 25, 1875, provides in § 12, for the appointment of "special constables to enforce the laws of the State prohibiting, restraining, or in any manner regulating the sale of intoxicating liquors." No other special constables are provided for in that chapter.

A complaint described the complainant as "special constable appointed to make complaints for violation of the liquor laws under chapter 508, of Public Laws of Rhode Island."

*Held*, that the description, though wanting technical accuracy, was sufficient.

The use of the disjunctive "or" is fatal in charging a criminal offence, but is proper in enumerating the negative averments required to exclude the exceptions of a statute.

EXCEPTIONS to the Court of Common Pleas.

This was a criminal complaint brought before the Justice Court of the town of Johnston, and carried to the Court of Common Pleas by the defendant's appeal.

The parts of the complaint considered in the opinion of the court are as follows :

"COUNTY OF PROVIDENCE, &c.

"William A. Carroll, special constable appointed to make complaints for violation of the liquor laws under chapter 508 of Public Laws of Rhode Island, Town of Johnston, in said county, on oath complains in the name and behalf of the State, that at said Johnston, in said county, on the 30th day of November, A. D. 1877, with force and arms, Frank Carver of said Johnston, not being then and there a registered pharmacist, or registered assistant pharmacist in the employ of a registered pharmacist, and not acting as aid under the immediate supervision of a registered pharmacist, or registered assistant pharmacist; and not being then and there a practitioner of medicine, who did not keep open shop for the retailing, dispensing, and compounding of medicines and poisons, or a wholesale dealer supplying medicines and poisons to pharmacists and physicians; and not being then and there an importer," &c., did "unlawfully sell," &c.

The defendant asked the Court of Common Pleas to dismiss the complaint because no security for costs having been given, it did not appear of record that Carroll was a person exempt by statute from giving such security, and also asked the court to quash the complaint because no offence was sufficiently set forth, in that "or" is used in connection with registered pharmacist, &c. The court refused both requests, and the defendant excepted.

*February* 22, 1879.   MATTESON, J.   The first exception raises the question of the sufficiency of the description of the complainant's official character as set forth in the complaint.   If it sufficiently appears that the complainant was a special constable appointed in accordance with Pub. Laws R. I. cap. 508, § 12, June 25, 1875, then, as section thirteen of the same chapter confers upon such constables like power and authority, within their respective towns, as is conferred upon the chief of police of Providence and the city marshal of Newport, within their respective cities, in cases arising from violation of the laws prohibiting, restraining, and regulating the sale of intoxicating liquors, the complainant was entitled under Gen. Stats, R. I. cap. 186, § 14, to make the complaint as he did, upon giving merely his personal recognizance for costs, without surety.

The complaint describes the complainant as a " Special Constable appointed to make complaints for violation of the liquor laws under chapter 508 of Public Laws of Rhode Island."   Pub. Laws R. I. cap. 508, § 12, June 25, 1875, provide that " The town councils of the several towns may appoint special constables to enforce the laws of the State prohibiting, restraining, or in any manner regulating the sale of intoxicating liquors."   Nicety of pleading would have dictated a simple reference to the section and chapter of the public laws under which the complainant was appointed, or a closer adherence to the language of the statute in describing his official character.   We think, however, that the description, though inartificial, is sufficient.   Reference is made to Public Laws, cap. 508, as the chapter under which the complainant was appointed.   That chapter provides for the appointment of no special constables, except those named in section twelve above quoted.

The second exception was to the refusal of the court to quash the complaint.   The defendant contended that no offence was charged with sufficient clearness and distinctness to notify him specifically for what he was to be tried, because the word " or " was used in connection with registered pharmacist, &c.   Though the use of the word " or " in charging an offence is fatal, its effect being to render the statement of the offence uncertain, it is, nevertheless, a proper connective in pleading negative averments.   In the present complaint it is used, not in charging the

offence, but in connecting the negative averments introduced to exclude the defendant from the classes of persons authorized to sell intoxicating liquors. Such use is unobjectionable. Bishop on Statutory Crimes, § 1043. *People v. Gilkinson*, 4 Park. Cr. 26, 29 ; *State* v. *Burns*, 20 N. H. 550.

The other exceptions were not insisted upon at the hearing.

*Exceptions overruled and case remanded to the Court of Common Pleas for sentence.*

*Edmund S. Hopkins*, Assistant Attorney General, for plaintiff.

*M. D. L. Mowry*, for defendant.